**Robert DAVENPORT, Lt.,**
Plaintiff–Appellant,

v.

**Gordon R. ENGLAND, Secretary of the Navy., Defendant–Appellee.**

No. 05–55154.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2006 *.

Filed Feb. 13, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Robert Davenport, Lt., Los Angeles, CA, pro se.

Alarice M. Medrano, Esq., USLA–Office Of the U.S. Attorney Civil & Tax Divisions Los Angeles, CA, for Defendant–Appellee.

Before: SKOPIL, FARRIS, and FERGUSON, Circuit Judges.

## MEMORANDUM**

Robert Davenport, a former Naval Reserve Officer filed this pro se action against the Navy, challenging his discharge and seeking reinstatement of his rank. The district court dismissed the action as time barred. We affirm.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

## DISCUSSION

Davenport's action is barred by the six-year statute of limitations provided by 28 U.S.C. § 2401(a). *See Turtle Island Restoration Network v. U.S. Dept. of Commerce,* 438 F.3d 937, 942–43 (9th Cir.2006) (applying § 2401(a) to actions filed under the Administrative Procedures Act, 5 U.S.C. § 702). His complaint was filed over twenty years after his discharge and nearly ten years after the Navy's final administrative decision upholding that discharge.

We reject Davenport's tolling arguments. He was not under any "legal disability" that precluded him from timely filing his action. There was neither a "continuing violation" nor a "renewed claim" created by the Army's decision to discharge Davenport for misrepresenting his Naval service. Although the Soldiers' and Sailors' Civil Relief Act provides for tolling during military service, 50 U.S.C.App. § 526, the Act applies only to those individuals on active duty, 50 U.S.C.App. § 511(2)(A)(i). As the district court noted, Davenport served a total of 833 days in active service in the Army, and even if that amount of time is tolled, it is insufficient "to bridge the almost four-year gap between the close of the limitations period and the filing of the complaint."

Finally, we reject Davenport's "detrimental reliance and equitable estoppel" argument stemming from his claim that an Army officer recommended he not pursue judicial review of the Navy's final administrative decision. These equitable doctrines cannot apply to Davenport's action against the Navy because the statements were made by an Army officer.

The Navy and Army are not one and the same for litigation purposes. *See Raddatz v. United States,* 750 F.2d 791, 795 (9th Cir.1984).

**AFFIRMED.**